**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 09-155-2 |
| | : | |
| NEFTALI COLON | : | |

**MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Movant, Neftali Colon, through undersigned counsel, respectfully moves this Court to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255. Movant was convicted and sentenced for using or carrying a firearm in furtherance a crime of violence, in violation of 18 U.S.C. § 924(c). After the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2552 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), Movant's predicate crimes do not qualify as a crime of violence under § 924(c); the resulting convictions and sentences violate due process of law. Movant respectfully requests that this Court grant this motion, vacate his § 924(c) convictions and sentences, and re-sentence him without § 924(c)'s mandatory minimums and any related sentencing enhancements.

**I.     Procedural History**

On March 15, 2012, this Court entered a judgment convicting Movant of murder in aid of a racketeering activity, in violation of 18 U.S.C. § 1959(a)(1) (Count Two); conspiracy to commit murder in aid of a racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) (Count Four); and using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three and Five).[1] The underlying "crime of violence" for the § 924(c)

---

[1] Movant was also convicted of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1).

1

conviction in Count Three was murder in aid of a racketeering activity, and the underlying "crime of violence" for the § 924(c) conviction in Count Five was conspiracy to commit murder in aid of racketeering. The Court sentenced Movant to 159 months' imprisonment pursuant to § 924(c)'s mandatory minimum, to run consecutively to 120 months' imprisonment for the other counts of conviction.

## II. Grounds for Relief

### a. The *Johnson* and *Davis* Decisions

In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), Movant's convictions and sentences under § 924(c) violate due process of law. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Before *Johnson*, the ACCA defined a violent felony as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is the ACCA's "residual clause." In *Johnson*, the Supreme Court held that the language of ACCA's residual clause was so vague as to deny fair notice of what conduct is prohibited and invite arbitrary enforcement in violation of due process. *Johnson*, 135 S. Ct. at 2557-59.

In *Davis*, the Court held that the residual clause of 18 U.S.C. § 924(c)'s "crime of violence" definition is unconstitutionally vague for the same reasons that the ACCA's residual clause was deemed unconstitutional in *Johnson*. Section 924(c) defines "crime of violence" as any felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). *Davis* held that § 924(c)(3)'s residual clause (Subsection (B)) is unconstitutionally vague, and it reaffirmed that the categorical approach applies to crime-of-violence determinations under § 924(c). *Davis*, 139 S. Ct. at 2327-33. After *Davis*, an offense qualifies as a predicate crime of violence only if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. 18 U.S.C. § 924(c)(3)(A).

    **b. The predicate crimes for Movant's § 924(c) conviction do not qualify as "crimes of violence"; Movant's conviction and sentence violates due process of law.**

After *Johnson* and *Davis*, Movant's convictions and sentences under § 924(c) must be vacated because he does not have a predicate crime of violence.

    **i. Murder in Aid of a Racketeering Activity**

Movant's predicate offense of murder in aid of a racketeering activity, in violation of 18 U.S.C. § 1959(a)(1), does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," as required by the element-of-force clause of § 924(c)(3). The offense has five elements: (1) there was an "enterprise," (2) engaged

3

in "racketeering activity," (3) affecting interstate or foreign commerce, (4) and "for the purpose of gaining entrance to or maintain or increasing [his] position in [that] enterprise," (5) the defendant committed "murder[]." *See United States v. Jones*, 566 F.3d 353, 363 (3d Cir. 2009) (citing 18 U.S.C. § 1959(a)). Obviously, the first four elements do not require any physical force. That leaves only the fifth element – murder.

Courts have taken two different approaches to determining whether the element of "murder" in § 1959(a)(1) requires the use, attempted use, or threatened use of physical force. Some courts have asked whether murder as "generically defined" requires physical force, and others have asked whether the specific murder statute underlying the defendant's murder-in-aid-of-racketeering conviction—here, Pennsylvania's murder statute, 18 Pa. C.S.A. § 2502—requires physical force.

The first approach is the better option, but regardless of which method the Court uses to analyze § 1959(a)(1), both approaches lead to the same outcome in this case. Neither generic murder nor Pennsylvania's first-degree murder statute require the use, attempted use, or threatened use of physical force.

Murder as "generically defined" means "causing the death of another person either intentionally, during the commission of a dangerous felony, or through conduct evincing reckless and depraved indifference to serious dangers posed to human life." *United States v. Marrero*, 743 F.3d 389, 401 (3d Cir. 2014), *abrogation on other grounds recognized by United States v. Calabretta*, 831 F.3d 128, 135 (3d Cir. 2016). Generic murder does not require the use, attempted use, or threatened use of physical force for two reasons: (1) it does not require that the defendant act with intent and (2) it can be committed through inaction.

Pennsylvania defines murder as:

> (a) Murder of the first degree.--A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.
> (b) Murder of the second degree.--A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.
> (c) Murder of the third degree.--All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S.A. § 2502. Even first-degree murder under § 2502(a) does not require the use, attempted use, or threatened use of physical force because it can be violated through inaction, for example, by failing to feed an infant child. The other degrees of Pennsylvania murder do not qualify as crimes of violence for additional reasons that Movant will address in in his memorandum of law.

In sum, murder in aid of racketeering is not a crime of violence under § 924(c)'s elements clause.

### ii. Conspiracy to Commit Murder in Aid of a Racketeering Activity

The predicate offense of conspiracy to commit murder in aid of a racketeering activity, in violation of 18 U.S.C. § 1959(a)(5), also does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," as required by the element-of-force clause of § 924(c)(3). As defined by statute, the offense requires (1) an agreement with others to commit murder that is (2) entered into for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engages in racketeering activity. *See United States v. Merritt*, No. 07-cr-550-04, 2014 WL 3535064 (E.D. Pa. July 16, 2014) (quoting *United States v. Basciano*, 599 F.3d 184, 198-99 (2d Cir. 2010)); *see also United States v. Jones*, 566 F.3d 353, 361 (3d Cir. 2009) (evaluating sufficiency of evidence strictly in terms of whether defendant was shown to have entered agreement to commit murder). The offense therefore requires proof of only an agreement to commit the offense. As a defendant need not take any step

5

in furtherance of the conspiratorial agreement, much less any step specifically directed toward the use of force, the offense does not have the use or attempted use of force as an element.

Movant's predicate crimes of murder in aid of a racketeering activity and conspiracy to commit murder in aid of a racketeering activity fell under § 924(c)(3)'s residual clause, which is now void for vagueness. Thus, Movant's § 924(c) convictions and sentences violate due process of law.

### c. This motion is timely and is based on a new right recognized by the Supreme Court that is retroactive to cases on collateral review

This motion is timely because it was filed within one year of June 24, 2019—the date when the Supreme Court issued its decision in *Davis*. 28 U.S.C. § 2255(f)(3). In striking down the ACCA's residual clause, *Johnson* announced a new right that was retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Likewise, *Davis* announced a new right in striking down § 924(c)'s residual clause, and it announced a new substantive rule and is also retroactive. *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) ("[T]aken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced.").[2]

---

[2] This Court can make the decision about *Davis*'s retroactivity in a first motion brought under 28 U.S.C. § 2255—it does not have to wait for the Supreme Court or the Courts of Appeals to do so first. *See United States v. Swinton*, 333 F.3d 481, 486 (3d Cir. 2003) ("[C]ourts of appeals and district courts may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2255.").

7

**WHEREFORE**, for all of the reasons stated, Movant respectfully asks this Court to grant his § 2255 motion and list this matter for a new sentencing hearing.  If the Government opposes this motion, Movant respectfully requests an opportunity to file a memorandum of law in support of his claim for relief.

        Respectfully submitted,

        */s/ Nina C. Spizer*
        NINA C. SPIZER
        Chief, Trial Unit

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon Bernadette McKeon, Assistant United States Attorney, via electronic mail to her office at the United States Attorney's Office, 615 Chestnut, Suite 1250, Philadelphia, PA 19106.

*/s/ Nina C. Spizer*
NINA C. SPIZER
Chief, Trial Unit

Date: September 20, 2019